IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK S. POWELL, | No. CIV S-05-0515-XXX-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Pursuant to the consent of the parties, this case is before the undersigned for final decision on plaintiff's motion for summary judgment (Doc. 11) and defendant's cross-motion for summary judgment (Doc. 13).

/ / /

/ / /

/ / /

/ / /

## I.   BACKGROUND

Plaintiff applied for child's life claim insurance benefits on February 27, 2001, based on disability.  In his applications, plaintiff claims that his impairment began on August 31, 1998.  Plaintiff claims his disability consists of "mental illness – can't function."   Plaintiff is a United States citizen born November 3, 1967, with a ninth-grade education.

### A.   Summary of the Evidence

The record contains two disability evaluations performed by agency examining physicians – Dr. Janice Y. Nakagawa, Ph.D., and Dr. Barry N. Finkel. Ph.D.  In her report following an evaluation of plaintiff on March 16, 2994, Dr. Nakagawa stated as follows:

> Claimant is a . . . single, right-handed, African-American male who reports auditory hallucinations and cannot read or write.  However, his presentation was not considered credible, either in interview or in testing.  Test data indicated he was malingering.  Because of that, it is impossible to assess, with any degree of accuracy, his work capabilities.

Similarly, Dr. Finkel stated in his report following a May 27, 2004, evaluation:

> This is a . . . male who presents with reported mental illness.  His presentation in interview is inconsistent and is not credible.  Performance on testing is incongruent with interview and is inconsistent itself.  This is a careful, deliberate, malingered presentation.

The record contains no other medical evidence.

### B.   Procedural History

Plaintiff's claims were initially denied.  Following denial of his request for reconsideration, plaintiff requested an administrative hearing, which was held on April 6, 2004, before Administrative Law Judge ("ALJ") Plauche F. Villere, Jr.

In his August 23, 2004, decision, the ALJ evaluated the medical evidence as follows:

> . . . [T]he record reflects that claimant alleged that he is disabled because of a mental impairment.  Nevertheless, despite the claimant's allegation, the record does not contain any objective medical evidence that shows that the claimant's ability to perform work is significantly limited.

> In fact, although the record suggests a history of limited intellectual functioning, and special education classes, the record does not show that the claimant has received any current, relevant medical treatment for his complaints. Therefore, to fully delineate his mental status, the claimant underwent consultative psychological evaluation in March 2004. Upon mental status testing, the examiner stated that the claimant's responses to all testing was inconsistent, and he attempted to present himself in the worst possible manner. The psychologist also noted that given the claimant's deliberate attempt to present himself in the worst possible fashion, all testing was unreliable and invalid.
>
> In May 2004, the claimant underwent repeat consultative psychological evaluation. Again, the examiner noted that the results of testing were unreliable and invalid due to malingering. Moreover, the psychologist also stated the claimant gave a careful, deliberate, malingered presentation.

The ALJ made the following findings:

> 1. The claimant did not engage in substantial gainful activity after September 1, 200[0];[1]
>
> 2. The claimant does not have any impairment or impairments which significantly limits his ability to perform basic work-related activities; therefore, the claimant does not have a severe impairment; and
>
> 3. The claimant was not under a disability . . .

Based on these findings, the ALJ concluded that plaintiff was not disabled and, therefore, not entitled to benefits. After the Appeals Council declined review on October 27, 2004, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to

---

[1] The body of the ALJ's decision specifies "2000," while the findings listed at the end of the decision specifies "2002." This discrepancy is not relevant.

3

support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

In his motion for summary judgment, plaintiff argues that the ". . . ALJ's decision is not based on the substantial evidence and is arbitrary . . ." Specifically, plaintiff asserts that the ALJ: (1) failed to obtain all pertinent records; and (2) failed to develop the record regarding plaintiff's asthma.

    **A.**    **ALJ's Review of Medical Records**

Plaintiff asserts as follows:

> The record suggests that plaintiff's learning disability is severe and impacted upon his school performance. Although the consultative examiners did not think these records would change their opinion, there is still a gap in the record. It does not appear that any effort was made to obtain these treatment records.

This argument is conclusory in that plaintiff does not specify the nature of "these records." Further, to the extent "these records" refers to plaintiff's school records which show that plaintiff's learning disability impacted his performance, such records would not undermine the

4

ALJ's conclusion given the significant and uncontradicted evidence of malingering as well as the absence of treating source medical records.

### B. Plaintiff's Asthma

Plaintiff argues that, while the ALJ reviewed plaintiff's mental evaluations, the ALJ erred in not exploring his asthma. Plaintiff cites Battles v. Shalala, 36 F.3d 43 (8th Cir. 1994), in support of the proposition that the ALJ was under a duty to order a new set of medical reports. Again, the court finds this argument to be conclusory. Plaintiff has not identified the evidence which shows that plaintiff actually has asthma. There are no treating source records at all, let alone records relating to asthma. Plaintiff did not list asthma as a cause of his disability. The only reference in the record to asthma is in Dr. Finkel's report where he states that plaintiff reports asthma.

### IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;
2. Defendant's cross-motion for summary judgment is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: March 14, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE